**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

LURENZO LEE WILLIAMS,

    Plaintiff,

    v.

DR. G. KALISHER, et al.,

    Defendants.
                          /

No. C 15-3068 NC (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

Plaintiff Lurenzo Lee Williams, a California state prisoner proceeding *pro se*, filed a civil rights action under 42 U.S.C. § 1983.[1] Plaintiff is granted leave to proceed *in forma pauperis* in a separate order. For the reasons stated below, the complaint is dismissed with leave to amend.

**DISCUSSION**

**I.    Standard of Review**

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.

---

[1] Plaintiff has consented to magistrate judge jurisdiction. (Docket No. 1 at 4.)

28 U.S.C. § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988).

## II. Legal Claim

Plaintiff alleges that he arrived at Correctional Training Facility ("CTF") on May 28, 2014. He was seen by Defendant Dr. G. Kalisher because he was having pain in his lower back, had muscle spasms in his calf area, his hip, and in both feet. Plaintiff told Dr. Kalisher that he had been taking morphine for the pain and needed her to prescribe more. Dr. Kalisher ordered x-rays, and Plaintiff had his x-rays taken on July 8, 2014, and then had lab work done on July 16, 2014. On September 30, 2014, Dr. Kalisher informed Plaintiff that the test results showed that Plaintiff had arthritis, however the arthritis was not serious enough to prescribe any narcotic medication. Instead of prescribing morphine, Dr. Kalisher offered

1 Plaintiff non-steroidal anti-inflammatory drugs as an alternative, but Plaintiff refused them.
2 Plaintiff filed an administrative appeal, complaining that he wanted his morphine prescription
3 to be renewed because of his serious pain. The appeal was denied by Dr. Kalisher. Plaintiff
4 appealed the decision to the second level of review and the Director's level of review, which
5 were denied by Defendants Dr. Bright and Deputy Director Lewis, respectively.

6 Plaintiff alleges that Defendants were deliberately indifferent to his serious medical
7 needs. Specifically, Plaintiff argues that Defendants should have renewed his prescription
8 for morphine because he had been given morphine previously, and Defendants should have
9 ordered an MRI and further testing to better diagnose Plaintiff's claims of pain.

10 The Eighth Amendment requires that prison officials take reasonable measures to
11 guarantee the safety of prisoners. *See Farmer v. Brennan*, 511 U.S. 825, 832 (1994). To
12 state an Eighth Amendment violation, two requirements are met: (1) the deprivation alleged
13 is, objectively, sufficiently serious; and (2) the prison official is, subjectively, deliberately
14 indifferent to inmate health or safety. *Id.* at 834. Neither negligence nor gross negligence
15 will constitute deliberate indifference. *See id.* at 835-36 & n.4. A prison official cannot be
16 held liable under the Eighth Amendment for denying an inmate humane conditions of
17 confinement unless the standard for criminal recklessness is met, i.e., the official knows of
18 and disregards an excessive risk to inmate health or safety by failing to take reasonable steps
19 to abate it. *See id.* at 837. The official must both be aware of facts from which the inference
20 could be drawn that a substantial risk of serious harm exists, and he must also draw the
21 inference. *See id.*

22 Here, even liberally construed, Plaintiff has not stated a claim that Defendants were
23 deliberately indifferent to his serious medical needs. From the allegations, no reasonable
24 inference can be made that Defendants were criminally reckless, or that they knew that
25 without prescribing Plaintiff morphine, they would be subjecting Plaintiff to an excessive
26 risk to his health. Defendants told Plaintiff that his condition, according to medical tests, did
27 not warrant narcotic medication at that time. Plaintiff refused alternative medication, and
28 insisted on morphine for his pain medication. However, "[a] difference of opinion between a

prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). Similarly, a showing of nothing more than a difference of medical opinion as to the need to pursue one course of treatment over another is insufficient, as a matter of law, to establish deliberate indifference. *See Toguchi v. Chung*, 391 F.3d 1051, 1058-60 (9th Cir. 2004).

As the complaint currently reads, Plaintiff has not stated a cognizable claim against Defendants. However, if Plaintiff believes that he can cure the deficiencies addressed above, he may amend his complaint to do so.

## CONCLUSION

1. The complaint is DISMISSED with leave to amend. If Plaintiff believes he can cure the above-mentioned deficiencies in good faith, he must file an amended complaint within **twenty-eight days** from the date this order is filed. The amended complaint must include the caption and civil case number used in this order (C 15-3068 NC (PR)) and the words AMENDED COMPLAINT on the first page. **Failure to file an amended complaint within twenty-eight days and in accordance with this order may result in the dismissal of this case.** The Clerk of the Court is directed to send Plaintiff a blank civil rights form along with his copy of this order.

2. Plaintiff is advised that an amended complaint supersedes the original complaint. "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).

3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

1  IT IS SO ORDERED.

3  DATED:  October 26, 2015

   _____
   NATHANAEL M. COUSINS
   United States Magistrate Judge