United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LURENZO LEE WILLIAMS,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>DR. G. KALISHER, et al.,<br><br>　　　　Defendants. | Case No. 15-cv-03068 NC (PR)<br><br>**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 36 |

Plaintiff Lurenzo Lee Williams, a California state prisoner proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to his serious medical needs. Defendants have filed a motion for summary judgment. Plaintiff has filed an opposition, and Defendants have filed a reply. For the reasons stated below, the Court GRANTS Defendants' motion for summary judgment.

**BACKGROUND**

The following facts are taken in the light most favorable to Plaintiff, and are

undisputed unless otherwise indicated.

Plaintiff arrived at Correctional Training Facility ("CTF") from Salinas Valley State Prison on May 28, 2014. Am. Compl. ¶ 1; Bright Decl. ¶ 5. Prior to that time, Plaintiff had been diagnosed as a chronic care inmate with osteoporosis in both legs and feet. Am. Compl. ¶ 1. On July 1, 2014, Plaintiff met with Defendant Dr. G. Kalisher and informed Dr. Kalisher that Plaintiff had been approved to be placed back on morphine for pain. Am. Compl. ¶ 1; Bright Decl. ¶ 7. Despite seeing documentary evidence supporting Plaintiff's assertion, Dr. Kalisher informed Plaintiff that she would not prescribe any medication until Plaintiff received an x-ray and obtained lab tests. Am. Compl. ¶ 1. If the x-rays came back "positive," Dr. Kalisher would prescribe morphine for Plaintiff. *Id.* Dr. Kalisher ordered x-rays of Plaintiff's left hip, lumbosacral spine, and legs. Bright Decl. ¶ 7.

Plaintiff claims that the x-ray results revealed multiple fractures and arthritis in his lower back. Am. Compl. ¶ 2. However, according to Defendants and documentary evidence, the left hip x-rays showed no acute fracture, and minimal left hip joint arthritis. Bright Decl. ¶ 7, Ex. A at A-10. The spinal x-ray showed mild degenerative disc disease. Bright Decl. ¶ 7, Ex. A-11.

Plaintiff saw Dr. Kalisher on September 30, 2014 for a chronic care appointment. Bright Decl. ¶ 9. Dr. Kalisher reviewed the results of Plaintiff's blood test and x-rays with Plaintiff, and told Plaintiff that she felt that his arthritis was in a "mild stage," and she would not prescribe any narcotics until Plaintiff's medical condition became critical. Am. Compl. ¶ 2. Dr. Kalisher explained to Plaintiff that he had degenerative disc disease, which was a term to describe the normal and gradual changes that occur in an individual's spinal discs over time. Bright Decl. ¶ 9, Ex. B at B-004. Dr. Kalisher offered Plaintiff Elavil instead, which is a psychotropic medication. Am. Compl. ¶ 2. Plaintiff explained to Dr. Kalisher that he did not want a psychotropic medication for pain, and that he had taken

Case No. 15-cv-03068 NC (PR)
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

2

Elavil before and it had given him bad side effects and an allergic reaction. *Id.*

Plaintiff requested an MRI to determine the damage to Plaintiff's tissue and cartilage, but Dr. Kalisher felt that Plaintiff's medical condition did not warrant an MRI. Am. Compl. ¶ 3. Defendants Dr. Bright and Deputy Director Lewis also rejected Plaintiff's appeals for morphine and further testing. Am. Compl. ¶ 4.

Plaintiff claims that Defendants deliberately failed to provide adequate pain medication, and denied an MRI or further testing, knowing that Plaintiff faced a substantial risk of serious harm.

## DISCUSSION

A. <u>Standard of Review</u>

Summary judgment is proper where the pleadings, discovery, and affidavits show there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *See* Fed. R. Civ. P. 56(a). Material facts are those that may affect the outcome of the case. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See id.*

A court shall grant summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial[,] . . . since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). The moving party bears the initial burden of identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. *Id.* The burden then shifts to the nonmoving party to "go beyond the pleadings and by [his] own affidavits, or by the

Case No. 15-cv-03068 NC (PR)
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

3

'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *See id.* at 324 (citing Fed. R. Civ. P. 56(e)).

For purposes of summary judgment, the court must view the evidence in the light most favorable to the nonmoving party; if the evidence produced by the moving party conflicts with evidence produced by the nonmoving party, the court must assume the truth of the evidence submitted by the nonmoving party. *See Leslie v. Grupo ICA*, 198 F.3d 1152, 1158 (9th Cir. 1999). The court's function on a summary judgment motion is not to make credibility determinations or weigh conflicting evidence with respect to a disputed material fact. *See T.W. Elec. Serv., Inc., v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

C.  Analysis

Defendants move for summary judgment, arguing that the evidence is undisputed that the denial of morphine was not medically unacceptable, and the denial of an MRI was not medically unacceptable. Plaintiff opposes the motion, arguing that the facts demonstrated that Defendants acted with deliberate indifference to his serious medical needs.

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059.

Here, even assuming that plaintiff suffered from a "serious" medical need, there is

an absence of evidence that Defendants were deliberately indifferent to that need.

With respect to the denial of morphine or other narcotic pain medication, Plaintiff asserts that Dr. Kalisher should have offered another option aside from Elavil, and that Defendants' failure to do so was "cruel and unusual." Here, the undisputed evidence shows that just before Plaintiff saw Dr. Kalisher on July 1, 2014, Plaintiff was able to walk with a slow and steady gait. Bright Decl. ¶ 6. Dr. Kalisher did offer Elavil, but Plaintiff declined it. Plaintiff was instead prescribed the nonsteroidal anti-inflammatory drug ("NSAID"), naproxen, for the pain. *Id.* ¶ 7. In September 2014, Plaintiff again requested morphine, but was denied.

According to the California Correctional Health Care Services ("CCHCS") Guidelines, morphine is contraindicated in patients with no "objective evidence of severe disease or pathology;" that is, it is restricted to patients with objective evidence of severe disease. Bright Decl. ¶¶ 10-11; Pl. Opp. Ex. A at 4, 6. Plaintiff's medical records showed that Plaintiff was able to rise from a seated position, and could walk briskly. Bright Decl. ¶ 11. Plaintiff was offered non-narcotic pain medication, but refused NSAIDs. Bright Decl. ¶ 13. After Plaintiff fell off his top bunk in February 2015, Plaintiff was prescribed acetaminophen with codeine for pain management up until he was transferred from CTF in December 2015. *Id.*

Here, there is no evidence that Plaintiff's medical needs were treated with deliberate indifference by Dr. Kalisher. The record indicates that although Plaintiff did not receive morphine upon his request, Dr. Kalisher was responsive to Plaintiff's complaint of pain by ordering x-rays, scheduling a chronic care appointment, and offering alternative non-narcotic pain medication. Defendants refused Plaintiff's request for morphine because the CCHCS guidelines did not call for narcotic relief, and Defendants did not believe that morphine was medically necessary. It is well-established that "[a] difference of opinion

Case No. 15-cv-03068 NC (PR)
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

5

between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim." *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981). Plaintiff's claim that he should have received prescription narcotics for pain is the type of difference in medical opinion between a lay prisoner and medical personnel that is insufficient to establish a constitutional violation. *See Alford v. Gyaami*, No. 2:13-CV-2143 DAD P, 2015 WL 3488301, at *10 n.3 (E.D. Cal. June 2, 2015) (noting that "in other contexts, courts within this circuit have consistently rejected a prisoner's attempt to dictate the terms of their pain medication") (citing cases).

Regarding Plaintiff claim that Defendants should have ordered an MRI or further testing, Plaintiff provides no evidence to suggest that the denial of an MRI amounted to deliberate indifference to his serious medical needs. The evidence is undisputed that the MRI was denied because it was not medically necessary. Plaintiff's x-rays in 2014 showed no fractures in his hip, minimal left hip join arthritis, and mild degenerative disc disease. There is an absence of evidence that Defendants failed to order an MRI or other additional testing, knowing that without such testing, Plaintiff faced a substantial risk of serious harm. *See Farmer*, 511 U.S. at 837. No evidence has been presented to show that Defendants' failure to order further testing resulted in further harm to Plaintiff. *See McGuckin*, 974 F.2d at 1060 (requiring a showing of a purposeful act and resulting harm in order to establish deliberate indifference).

In addition, there is nothing in the record to suggest that additional testing would have altered Defendants' medical treatment of Plaintiff's pain. Such decisions are squarely matters of medical judgment. *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976) ("[T]he question whether an X-ray or additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual

Case No. 15-cv-03068 NC (PR)
ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

6

punishment. At most it is medical malpractice, and as such the proper forum is the state court."). Nor has Plaintiff raised a triable issue of fact that Defendants' course of treatment was medically unacceptable under the circumstances or that they chose this course in conscious disregard of an excessive risk to Plaintiff's health. *See Toguchi v. Chung*, 391 F.3d 1051, 1058-60 (9th Cir. 2004).

Viewing the record in the light most favorable to Plaintiff, he has failed, as a matter of law, to raise a genuine issue of fact as to whether Defendants were deliberately indifferent to his serious medical needs. Defendants' motion for summary judgment is GRANTED.

## CONCLUSION

Defendants' motion for summary judgment is GRANTED. The Clerk shall terminate all pending motions, enter judgment, and close the file.

**IT IS SO ORDERED.**

DATED: August 11, 2017

NATHANAEL M. COUSINS
United States Magistrate Judge